UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>    v.<br><br>**NATHAN MILLER,**<br><br>                    **Defendant.** | Civ. No. 22-6714  (KM)<br><br>OPINION |

This matter comes before the Court on the motion of the defendant, Nathan Miller, to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He is currently serving a 60-month sentence for the offense of possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g). (*See* Crim. No. 21-122.) Mr. Miller now claims that his counsel was ineffective in connection with sentencing. For the reasons stated herein, the § 2255 motion is denied.

I.     **Standards under § 2255**

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). While a court may convene a hearing regarding a Section 2255 motion, a hearing is not required where "the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Padilla-Castro*, 426 F. App'x 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b)); *accord United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992).

A defendant who seeks Section 2255 relief based on ineffective assistance of counsel must satisfy the two-part test outlined in *Strickland v. Washington*,

466 U.S. 668, 687, 104 S. Ct. 2052 (1984). First, defendant must show that her attorney's representation was not "within the range of competence demanded of attorneys in criminal cases." *Id.* Second, the defendant must demonstrate "prejudice." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366 (1985); *Strickland*, 466 U.S. at 687. In the context of sentencing, the prejudice prong is satisfied "when a deficiency by counsel resulted in specific, demonstrable enhancement in sentencing—such as an automatic increase for a 'career' offender or an enhancement for use of a handgun during a felony—which would not have occurred but for counsel's error." *United States v. Otero*, 502 F.3d 331, 337 (3d Cir. 2007). The Section 2255 movant must satisfy both prongs of Strickland's two-part test to be entitled to relief. *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001).

**II.   Discussion**

Mr. Miller asserts that his attorney was ineffective for failing to object that a prior state felony was not properly considered a controlled substance offense for purposes of U.S.S.G. § 2K2.1(a).

Mr. Miller was arrested in possession of a .40 caliber handgun on June 28, 2020. At the time, he had two prior state felony convictions: (1) a 2008 conviction for possessing with the intent to distribute unspecified narcotics within 1,000 feet of a school, for which we was sentenced to three years in prison (the "2008 Conviction"); and (2) a 2010 conviction for possessing with the intent to distribute cocaine within 1,000 feet of a school, for which he was sentenced to five years in prison (the "2010 Conviction").

In October 2021, the parties entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), with a stipulated sentencing range of 51 to 63 months' imprisonment, followed by 3 years of supervised release.

Section 2K2.1(a)(2) & (4) of the U.S. Sentencing Guidelines, in pertinent part, dictates an offense level of 20 if the firearms offense was committed after one felony conviction of a controlled substance offense, or an offense level of 24 after two such convictions. In the plea agreement and at his plea allocution,

2

Miller admitted to the prior 2010 Conviction. The Presentence Report, however, cited both prior convictions, assigned an offense level of 24, assigned a Criminal History Category of VI, and calculated an imprisonment range of 77 to 96 months. At sentencing, the Court nevertheless accepted the plea agreement, granted the government's application for a downward variance, and sentenced Mr. Miller to 60 months' imprisonment, within the agreed range.

Mr. Miller objects that the statute underlying his 2010 conviction, N.J. Stat. Ann. § 2C:35-7, cannot be counted as a controlled substance offense for these purposes, because it sweeps more broadly than the federal anti-drug laws; in particular, it would criminalize a cocaine analogue, ioflupane, which is not criminalized by federal law. In support, Mr. Miller attaches copies of legal arguments citing district court cases such as *United States v. Lewis,* 2021 WL 3508810 (D.N.J. Aug. 10, 2021) (DE 1-1).

Recently, however, the U.S. Court of Appeals has overturned that district court authority, and held that a controlled substance offense, for these purposes, is one "regulated by *either* federal or state law." *United States v. Lewis*, 58 F.4th 764, 767–71 (3d Cir. 2023). The Section 2K2.1(a) enhancement applies to a prior state drug felony conviction, even if the underlying conduct would not be prohibited by the federal drug laws.

*Lewis* definitively settles the issue. Trial counsel's performance cannot have been deficient because the hypothetical objection to consideration of the prior 2010 conviction was meritless. *A fortiori,* there was no prejudice.[1]

### III.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

---

[1] I would add that counsel's representation, viewed overall, was effective. Faced by a Guidelines calculation that would have yielded a range of 77-96 months, counsel negotiated a range of 51 to 63 months. And he did so pursuant to a Rule 11(c)(1)(C) plea, binding the Court to accept the negotiated range unless it rejected the plea itself.

constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, reasonable jurists would not find the Court's ruling debatable. Accordingly, no certificate of appealability shall issue.

## CONCLUSION

For the foregoing reasons, defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED. A separate order will issue.

Dated:    Newark, New Jersey
          June 6, 2023

/s/ Kevin McNulty

_____
KEVIN MCNULTY
United States District Judge